IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



T.B. B/N/F JENNY BELL, §
 §
        Plaintiff, §
 §
VS. § NO. 4:18-CV-984-A
 §
NORTHWEST INDEPENDENT SCHOOL §
DISTRICT, ET AL., §
 §
        Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Northwest Independent School District ("District") to dismiss. The court, having considered the motion, the response of plaintiff, R.B., through his next friend, Jenny Bell,[1] the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On December 11, 2018, plaintiff filed his original complaint in this action. Doc.[2] 1. On April 1, 2019, District filed its motion to dismiss. Doc. 11. In response, plaintiff filed an unopposed motion for leave to amend, Doc. 17, which the court

---

[1] The caption of the action as filed refers to "plaintiffs" although it is clear that T.B. is the only plaintiff, acting through his mother, Jenny Bell, as next friend. In fact, all of the papers filed on behalf of T.B. refer to plaintiffs "collectively" and to individuals as "they," making it very difficult to follow what is intended to be said.

[2] The "Doc.___" reference is to the number of the item on the docket in this action.

granted. Doc. 18. On May 13, 2019, plaintiff filed his amended complaint, which is the operative pleading.[3] Doc. 19.

In his amended complaint, plaintiff alleges:

Plaintiff is a child with a disability. Doc. 19, ¶1. He has autism spectrum disorder and attention deficit hyperactivity disorder. Id. ¶11. District has policies and procedures related to student welfare. Id. ¶ 12. District requires that allegations of bullying, harassment or assault of a student with a disability by a teacher be directed to the District's Section 504 coordinator. Id. ¶ 13. On or about February 8, 2017, plaintiff's mother attended a meeting at which plaintiff's teacher, Laura Adams ("Adams") notified her that she had concerns about treatment of plaintiff by a paraprofessional, Kenneth Burt ("Burt"). Id. ¶ 16. Plaintiff's mother requested that Burt no longer have any contact with her son. Id. ¶ 17. She later learned that Burt was with plaintiff on one occasion when Burt twisted plaintiff's arm, put him against a wall, and pushed him to the floor. Id. ¶¶ 18, 19. Plaintiff told his mother that beginning in January 2017, when plaintiff was put in Burt's classroom, Burt would insult him, telling him he was not normal or would not make it to be a grown-up. Id. ¶ 20. On February 16, 2017, plaintiff's mother met with the principal and Adams, who confirmed

---

[3]There is no record that the amended complaint has been served on defendant Laura Adams.

2

plaintiff's recollection of bullying and harassment and an assault. Id. ¶ 22. As a result of Burt's actions, plaintiff's behavior declined dramatically and he began experiencing anxiety, panic attacks, depression, and anger. Id. ¶ 27.

Further: On or about April 4, 2017, plaintiff called his mother from school and asked her to pick him up. Adams got on the phone to say that she was losing patience with plaintiff. Doc. 19, ¶ 29. After the call, plaintiff stood on top of a table to get away from Adams and she knocked him to the ground, dragged him through two classrooms, and climbed on top of him. She kicked him in the chest. He had bruising on his chest, wrists and hips. Id. ¶ 30.

Plaintiff asserts claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA"), and for violation of the Fourth and Fourteenth Amendments.

II.

## Grounds of the Motion

District says that plaintiff's claims must be dismissed for lack of subject matter jurisdiction as he has failed to exhaust his administrative remedies. In addition, District says that plaintiff has failed to state any cognizable claims. Doc. 20.

3

III.

Applicable Legal Standards

A. Subject Matter Jurisdiction

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists.

McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

B.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer

that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk

Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

The Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA"), bars plaintiffs from circumventing its administrative exhaustion requirement by asserting under a different statute claims that could have been brought thereunder. Marc v. N.E. Indep. Sch. Dist., 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006). The court looks to the gravamen of the complaint, and not the words used, to determine whether the complaint seeks redress for a school's failure to provide a free and appropriate public education ("FAPE"), i.e., relief under IDEA. Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 755 (2017). The court asks (1) whether the plaintiff could have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school, and (2) whether an adult at the school could have pressed essentially the same grievance. Id., 137 S. Ct. at 756. If the questions are answered in the negative, exhaustion of administrative remedies is required. Id.

Here, plaintiff alleges that he is a student with disabilities and that he was denied a safe and non-hostile educational environment and services he needed, such as a

7

psychological assessment, school-based counseling, and social skills training, and an aide or shadow to observe him at school. In other words, he was denied appropriate and necessary accommodations as a student with a disability. Specifically, he suffered "[l]oss of equal educational opportunities as those afforded non-disabled students." Doc. 19, ¶ 87.a.

Under the Fry test, it is clear that the gravamen of plaintiff's complaint is the denial of a FAPE. His claims could not have been brought outside the school setting and an adult at the school could not have pressed the same grievance. The court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.[4] Colin v. Fort Worth Indep. Sch. Dist., No. 4:18-CV-330-A, 2018 WL 4078272, at *5 (N.D. Tex. Aug. 27, 2018).

In light of the lack of jurisdiction over plaintiff's claims against District, there is no need to discuss whether plaintiff has otherwise adequately pleaded his claims.

V.

Order

The court ORDERS that District's motion to dismiss be, and is hereby, granted, and plaintiff's claims against District be,

---

[4] Plaintiff does not deny this. Instead, he argues that his clever pleading is sufficient to overcome his lack of exhaustion. Doc. 25 at 9-10. He is mistaken. Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 755 (2017).

8

and are hereby, dismissed for failure to exhaust administrative remedies.

The court further ORDERS that by 4:00 p.m. on August 16, 2019, plaintiff show cause by an appropriate written filing why his claims against Adams should not be dismissed for want of prosecution.

The court determines that there is no just reason for delay in, and hereby, directs entry of final judgment as to the dismissal of plaintiff's claims against District.

SIGNED August 2, 2019.

JOHN McBRYDE
United States District Judge