ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 3 0 2019

CLERK, U.S. DISTRICT COURT
By_____ 10:15
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| T.B., b/n/f/ JENNY BELL | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-984 |
| | § | |
| NORTHWEST INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |
| Defendants. | § | |

## <u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

RESPECTFULLY SUBMITTED

Mr. Martin J. Cirkiel
State Bar No. 00783829
marty@cirkielaw.com [Email]

Ms. Holly Terrell, *Of Counsel*
State Bar No. 24050691
Holly@cirkielaw.com [Email]; both of

Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile];

Kenneth Carden, Esq.
State Bar No. 03787300
Carden Law Office
1409 S. Lamar Street, Apt. 601
Dallas, Texas 75215
(214) 485-3535 [Telephone]
(214) 485-3500 [Facsimile]
carden.ada.law@gmail.com [Email]

REPRESENTATIVES FOR PLAINTIFF

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I.     INTRODUCTION AND BRIEF RESPONSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.    ISSUES FOR RECONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

T.B. ALLEGED HE WAS PHYSICALLY ABUSED BY HIS TEACHERS.  THE COURT DETERMINED THAT THE VARIOUS CAUSES OF ACTION BASED UPON SUCH ABUSE REQUIRED HIM TO GO THROUGH ADMINISTRATIVE EXHAUSTION AS CONTEMPLATED BY 20 U.S.C. 1415(l).

> DID THE COURT COMMIT A CLEAR ERROR OF LAW BY NOT PERMITTING T.B. TO FILE AN AMENDED COMPLAINT?

> DID THE COURT COMMIT AN ERROR OF LAW BY NOT PERMITTING T.B. THE OPPORTUNITY TO RESPOND TO THE DISTRICT'S EXHAUSTION ISSUE BEFORE RULING ON THE ISSUE?

> DID THE COURT COMMIT AN ERROR OF LAW WHEN DETERMINING THAT T.B. WAS REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES?

> WAS PERMITTING THE CASE TO BE SUMMARILY DISMISSED MANIFESTLY UNJUST?

III.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.    FACTUAL RESUME  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V.     PROCEDURAL RESUME  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.    ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VII.   CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VIII.  CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

### Supreme Court Cases

Davis ex el. LaShonda D v. Monroe County Board of Education, 526 U.S. 629, 650 (1999)  9, 17

Foman v. Davis, 371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fry v. Napoleon Community School, 137 S. Ct. 743 (2017) . . . . . . . . . . . . . . . 1, 6, 7, 10-15, 17

Winkelman v. Parma City Sch. Dist., 550 U.S. 516  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

### Courts Of Appeal

Addington v. Farmer's Elevator Mutual Insurance Co., 650 F.2d 663, 666 (5th Cir. 1981) . . . . . 9

Albino v. Baca, 747 F.3d 1162, 1166, 1171 (9th Cir. 2014)  . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Doucette v. Georgetown Public Schools, No. 18-1160 (1st. Cir., August 26, 2019)   . . . . . . . 1, 13

Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981)  . . . . . . . . . . . . . . 9

Fennell v. Marion Independent School District, 804 F.3rd 398, 410 (5th Cir. 2015) . . . . . . . . . 17

F.H. v. Memphis City Schools, 764 F.3d 638 (6th Cir. 2014)  . . . . . . . . . . . . . . . . . . 1, 10, 12-13

Gorman v. Batch, 152 F3rd 907 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hainze v. Richards, 207 F.3d 795, 799 (5th Cir.2000)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Harrison v. Rubin, 174 F3d 249, 253 (D.C. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ING Global v. United Parcel Serv. Oasis Sup., 757 F.3d 92, 96-97 (Cir. 2014) . . . . . . . . . . 8, 15

Knight v. Mooring Capital Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014) . . . . . . . . . . . . . 10

Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002) . . . . . . . . 8

McCormick v. Waukegan Sch. Dist. #60, 374 F.3d 564 (7th Cir. 2004)  . . . . . . . . . . . . . . .   13

Moore v. Kansas City Pub. Schs., 828 F.3d 687 (8th Cir. 2016)  . . . . . . . . . . . . . . . . . . . . .   12

Morris v. Dearborne, 181 F.3d 657, 674 (5th Cir. 1999) ................................. 11

Muskrat v. Deer Creek Pub. Schs., 715 F.3d 775, 785 (10th Cir. 2013) .................. 12

Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1274 (10th Cir. 2000) ....................... 13

Payne v. Peninsula Sch. Dist., 653 F.3d 863, 871 (9th Cir. 2011) (en banc) .............. 12

Quintanilla v. Texas Television, Inc., 139 F.3d 494, 499 (5th Cir. 1998) .................. 8

S.S. v. E. Ky. Univ., 532 F.3d 445, 453-56 (6th Cir. 2008) ............................... 17

Waller v. City of Danville, 556 F.3d 171, 174 (4th Cir. 2009) ........................... 16

U.S. ex rel. Willard v. Humana Health Plan, TX. Inc., 336 F.3d 375, 386 (5th Cir. 2003) ..... 9

**District Cases**

J.A. v. Corpus Christi ISD, 2018 U.S. Dist. LEXIS 158823 *7-8 (S.D. TX., Corpus Christi Division, September 18, 2018) ................................................. 18

Bowe v. Eau Claire Area Sch. Dist., 2017 U.S. Dist. LEXIS 61496, 2017 WL 1458822, at *5 (W.D. Wis. Apr. 24, 2017) ...................................................... 15

C.M. b/n/f Chris & Christine Muat v. Cedar Park Academy, et al, Civil Action No. 1:18-cv-644-RP (119 LRP 16434) (W.D. TX, Austin Division, April 24, 2019) ...........................

Condit v. Bedford Cent. Sch. Dist., 2017 U.S. Dist. LEXIS 171701, 2017 WL 4685546, at *9 (S.D.N.Y. Oct. 16, 2017) .................................................... 14

Considine-Brechon v. Dixon Pub. Sch. Dist. #170, 2017 U.S. Dist. LEXIS 87942, 2017 WL 2480751, at *4-5 (N.D. Ill. June 8, 2017) ........................................ 13

Dabney v. Highland Park Elementary School Dist., No. 3:15-CV-2122-l; 2016 WL 1273467 at *16-17 (N.D. TX, March 31, 2016) .............................................. 10

Daniels v. Indep. Sch. Dist. No. 001., 2018 U.S. Dist. LEXIS 79232, 2018 WL 2145009, at *3 (W.D. Okla. May 9, 2018) .................................................... 14

Deshotel v. West Baton Rouge Parish School Bd., 937 F. Supp. 2d 826, 831 (M.D. La. 2011)   11

E.H. v. Neal, 2018 U.S. Dist. LEXIS 93001 (M.D. Tenn. Apr. 16, 2018) ...................

Franklin v. Frid, 7 F. Supp. 2d 920, 925 (W.D. Mich. 1998) ....................... 13, 15-16

Hough v. Shakopee Public Schools, 608 F. Supp. 2d 1087 (D. Minn. 2009) . . . . . . . . . . . . . . 13

Hurd v. Clark Cty. Sch. Dist., 2017 U.S. Dist. LEXIS 162691, 2017 WL 4349231, at *4 (D. Nev. Sept. 29, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Gm v. Lincoln Cty. Sch. Dist., 2017 U.S. Dist. LEXIS 101161, 2017 WL 2804996, at *4 (D. Ore. Apr. 21, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Gosch v. Sgt. Bluff-Luton Cmty. Sch. Dist., 244 F. Supp. 3d 904, 921-23 (N.D. Iowa 2017) . . 14

P.G. v. Rutherford Cty. Bd. of Educ., 313 F. Supp. 3d 891(M.D. T.N.-Nashville Division, May 29, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15-16

P.R. v. Central Texas Autism Center, 2009 U.S. Dist. LEXIS 43303,, at * 20-22 (W.D. Tex. May 15, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Pagan-Negron v. Seguin Indep. Sch. Dist., 974 F. Supp. 2d 1020, 1028 (W.D. TX. 2013) . . 6, 11
11
R. J. v. McKinney Indep. Sch. Dist., No. 4:05-CV-257, 2005 U.S. Dist. LEXIS 39470, at *22-*23 (E.D. Tex. Dec. 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Tristan v. Socorro Independent School Dist., 902 F. Supp. 2d 870, 879-80 (W.D. Tex. 2012) . 11

Marc V. v N.E. Indep. School District, 455 F.Supp.2d 577, 592 (W.D. Tex. 2006) . . . . . . . 6, 11

Williams v. City of Chicago,733 F.3d 749, 755 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . 10

## Constitution, Federal Statutes and Rules

20 U.S.C. §1415 (IDEA) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 5-6, 10-17

29 U.S.C. § 794 (Section 504 of the Rehabilitation Act of 1973) . . . . . . . . . . . . . . . . . 1,5-6, 16

42 U.S.C. §12131 (Americans With Disabilities Act) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14, 16

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 5

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 5

## MOTION FOR RECONSIDERATION

NOW COMES T.B. (also referred to as "Student") by and through his next friend and mother, Jenny Bell, and files this the *Motion For Reconsideration* pursuant to Fed. R. Civ. P. 59(e). Specifically, that the Court's *Memorandum Order and Opinion* [DE# 39] *Granting* the *12(b)(1) Motion To Dismiss* filed by the *Northwest Independent School District* (hereinafter referred to "NWISD" or the "School District") was a clear error of law, in a number of manners and particulars as more fully discussed below. Further, and if left to stand, the decision leads to a result that is manifestly unjust. In support thereof, T.B. would respectfully argue the following:

## I. **PROLOGUE**

1.      T.B. had his arm twisted by one staff member, who also threw him against a wall and pushed him to the floor. Another staff member knocked him to the ground, kicked him in the chest and climbed on top of him, both leaving with bruising on his chest, wrists and hips. The *Memorandum Opinion And Order* [DE# 30, p. 2-3/9] authored by the Court mistakenly characterizes these facts as educational in nature. It is a characterization that is absolutely not supported in the law, *see* Fry v. Napoleon Community Schools, 137 S. Ct. 743, fn. #9 (2017) and its progeny, *see* Doucette v. Georgetown Public Schools, No. 18-1160 (1st. Cir., August 26, 2019), warranting the granting of this Motion by T.B.

2.      The following discussion on the topic was taken from a *concurrence* written by the Honorable Circuit Judge Kethledge in F.H. v. Memphis City Schools, 764 F.3d 638 (6th Cir. 2014) in a pre-Fry case that is even more relevant and on point today, and in this case. In quoting from this writing, we are taking the liberty of using the initials of T.B. rather than the initials of F.H. but we believe the Circuit Judge's common sense, heartfelt language and

adherence to what are now the clear current state of the law on the topic, is absolutely

applicable in this cause.  It states:

"To characterize T.B.'s injuries as 'educational' is to belittle them. The gravamen of his claim is not that the conduct described in his complaint might reduce his SAT scores. The gravamen of his claim, rather, is that this conduct was an attack upon T.B.'s dignity as a human being. That injury was not remediable by some change to T.B.'s 'Individualized Education Plan.' Nor was it by a mere promise not to let these things happen again. The remedy for T.B.'s injury, therefore, lay not in 'the IDEA's administrative procedures[.]' ... Instead his remedy lies in federal court, where T.B. can obtain not only compensation for his injuries, but recognition of what they actually were."

As this Court's decision in determining that T.B. was required to exhaust administrative

remedies for all the injury claims noted in his complaint is absolutely "a clear error of law,"

and the Court should grant his *Motion For Reconsideration* so as "to prevent a manifest

injustice."

## II.  <u>INTRODUCTION AND BRIEF RESPONSE</u>

3.      T.B. is a child with a disability. In the spring of 2017, he was verbally and physically abused

on numerous occasions by District staff.  He filed an *Original Complaint* [DE#1] alleging

he was a victim of discrimination based upon disability pursuant to both Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C §794 ("Rehab Act") and the Americans With

Disabilities Act, 42 U.S.C §12131 *et seq*.  He also alleged constitutional violations as

contemplated by both and the Fourth and Fourteenth Amendments to the United States

Constitution. The District filed a *Motion To Dismiss*, pursuant to Fed. R. Civ. P. 12(b)(1)

arguing that T.B.'s case should be dismissed because he purportedly failed to exhaust

administrative remedies as required by the *Individuals With Disabilities Education Act*

("IDEA"), 20 U.S.C. §1415(l).  They also argued alternatively, that in any case, the case

should be dismissed pursuant to Rule 12(b)(6), for "failure to state a claim."

4.      T.B. responded noting there was nothing in his *Original Complaint* that addressed IDEA, and as such, and based upon well-settled jurisprudence on Rule 12(b)(1), the District's *Motion* must be denied, as it was not ripe.  Alternatively, T.B. noted that if the Court would see fit to grant said motion based upon failure to exhaust administrative remedies, then T.B. requested that he be permitted to amend his complaint.  T.B. believes this request was not only a professional courtesy but a substantive due process right, that this Court, sadly ignored.  This mistake by the Court itself is a "clear error of law," and the *Motion For Reconsideration* should be granted because of this failure.

5.      T.B. also asked the Court, that if the 12(b)(1) was to be considered, that he be given the opportunity to address this dispositive issue on exhaustion.  Surprisingly, and again, sadly, the Court failed to give T.B. the opportunity to address this crucial issue and instead summarily dismissed his case.  Such an act by the Court is manifestly unjust for not just one, but two reasons.  First, and most obviously, the failure to give Counsel any opportunity to address an integral legal issue to the case, especially when he specifically asked for such an opportunity, is absolutely manifestly unjust.  Second, and most importantly, as the briefing on this exhaustion issue below will show, the Court's decision was absolutely a clear error of law.

6.      As the Court committed a clear error of law, and acted in a manner that was manifestly unjust, T.B.'s *Motion For Reconsideration* should be granted.  Further, he asks that he be permitted to amend his complaint and respond to a surely forthcoming motion to dismiss whether reliant upon Rule 12(b)(1) or 12(b)(6) or both.  As such, and with all this in mind. T.B. proceeds accordingly.

## II. FACTUAL RESUME

7.     T.B. was born on March 21, 2006. He is now 13 years old and has been diagnosed with

*Autism Spectrum Disorder* and *Attention Deficit Hyperactivity Disorder* ("ADHD"). [DE#

19, ¶11]. As the facts more fully describe below, these disabling conditions caused T.B. to

be cognitively impaired such that he did not function at grade level. Additionally, he also

had a number of behavioral issues that over the course of time required him to be removed

from class, restrained and put in a cool down room by staff. He was not considered normal

by staff. [DE# 19, ¶16, 18, 20].

8.     In and around February of 2017, T.B.'s paraprofessional—Kenneth Burt, forcefully grabbed

him, twisted his arm behind his back, pushed him forcefully up against the wall and also

forcefully pushed him down to the floor, significantly injuring him in the process. [DE# 19,

¶18-19].

9.     On or about April 4, 2017, T.B.'s teacher, Laura Adams, knocked him to the ground,

dragged him through two classrooms, and climbed on top of him. Then, as T.B. ran back

and forth in a complete panic, Adams also kicked him in the chest. He suffered bruising

from the kick. Additionally, he had bruising on his wrists and hips from being dragged

around, as well. The incident on April 4, 2017 was captured on video. Mother requested a

copy of the video. Staff refused. Now would they permit her to see the video. Due to the

second round of harassment incidents and NWISD's actions and inactions the various effects

of the bullying and harassment T.B. received at the hands of Burt and Adams had

significantly worsened. Before the incidents, T.B. primary exhibited a positive demeanor;

now his overall demeanor is hopeless and depressed. [DE# 19, ¶29-33].

### III.  **PROCEDURAL RESUME**

A.    THE ADMINISTRATIVE PROCEEDINGS

10.    T.B. filed a complaint with the Texas Education Agency arguing that the District failed to provide him an *Individualized Educational Plan* ("IEP") commensurate with his unique and individualized needs. He also alleged the District violated his rights pursuant to Section 504 and the ADA, as well as the United States Constitution. [DE# 4, p. 144-171].  The Hearing Officer determined that T.B. did not file his complaint with the TEA in a timely manner. [DE# 4, p. 004- 011].

B.    THE FEDERAL APPEAL OF THE TEA DECISION

11.    T.B. has appealed that order and it is currently set at 4:18-cv-985[1] and awaits briefing on the topic.

B.    THE FEDERAL INJURY CASE

12.    T.B. filed his *Original Complaint* [DE# 1].  The District filed a *Motion To Dismiss*, pursuant to Fed. R. Civ. P. 12(b)(1) arguing that T.B.'s case should be dismissed because he purportedly failed to exhaust administrative remedies as required by the IDEA, 20 U.S.C. §1415(l).  They also argued that the case should be dismissed pursuant to Rule 12(b)(6) for "failure to state a claim."  In his response T.B. noted there was nothing in his *Original Complaint* that addressed IDEA, and as such, the Rule 12(b)(1) *Motion* should be denied, as it was not yet ripe.  T.B. asked the Court for the ability to amend his complaint.  He also asked that if the Court did want to consider it the exhaustion issue, he be given permission

---

[1]. If the Judge in that Court finds that the TEA Hearing Officer, erred, whether it be in total or in part, and the case is remanded back to the TEA, the Court's current order on the topic be rendered as moot or nullity, and in any case should be vacated. Alternatively, this Court this Court abate the case pending the outcome of that decision.

to address it.

C.      THE COURT'S MEMORANDUM ORDER

13.     The Court granted the School District's *Motion To Dismiss* on failure to exhaust claims and

        dismissed the entire case in "one fell swoop." [DE# 30].   The Court did not even address

        T.B.'s request he be given the opportunity to amend his complaint, and opportunity to

        respond to the District's *exhaustion* arguments.

14.     In any case, the Court first looked to <u>Marc V. v N.E. Indep. School District</u>, 455 F.Supp. 2d

        577, 592 (W.D. Tex. 2006)[2] for the proposition that "IDEA bars plaintiffs from

        circumventing its administrative exhaustion requirement by asserting under a different

        statute that claims that could have been brought thereunder.

15.     The Court also looked to <u>Fry v. Napoleon Community Schools</u>, 137 S. Ct. 743, 755-756

        (2017) to support its position.   First it noted that a reviewing Court is to determine the

        "gravaman" of the Plaintiff's complaint.   In this analysis a Court asks whether (1) the

        plaintiff could have brought essentially the same claims at a public facility that was not a

        school and (2) whether an adult at the school could have pressed essentially the same

        grievance. asking or  alluding to one of the "hints" noted in the <u>Fry</u> decision.

16.     The Judge also noted that:

        "... plaintiff alleges he was a student with a disability, and that he was denied a safe
        and non-hostile educational environment, and services he needed, such as a

---

[2].  This case was authored by the Honorable District Judge Xavier Rodriguez, the same Judge who also
penned <u>Pagan-Negron v. Seguin Indep. Sch. Dist.</u>, 974 F. Supp. 2d 1020, 1028 (W.D. Tex. 2013).  a case where he
found that exhaustion was not necessary. A few points. Most importantly, in Marc V. the family had gone though
exhaustion and lost, and then attempted to repackage their obvious IDEA claims which had failed as different claims
under 504 and the ADA. Judge Rodriguez was not fooled. Alternatively in Pagan the 504 and ADA claims were
based upon injuries at school, and not a re-packaged IDEA claim.  As more fully described below T.B.'s case is
more akin to Pagan and not Marc V.

psychological assessment, school-based counseling and social skills training, and aide or shadow to observe him at school. In other words, he was denied appropriate and necessary accommodations as a student with a disability. Specifically, he suffered a 'loss of equal educational opportunities' as those afforded non-disabled students."

Under the Fry test, it is clear the gravaman of plaintiff's complaint is the denial of FAPE (a free appropriate public education). His claim could not have been brought outside of the school. Additionally, that his claims were based upon his status as a student at the school, and could not have been by an adult at the school, alluding to second "hint" in Fry both leading to the result that the claim was educationally based requiring exhaustion. The Court further relied upon J.W.'s comment that damages included "loss of educational opportunities." [DE# 34, p. 16-17/38] also as evidence his claim was based upon educational issues requiring exhaustion."

17.     T.B. respectfully disagrees and files this his *Motion For Reconsideration* accordingly.

## IV. ISSUES FOR RECONSIDERATION

T.B. ALLEGED HE WAS PHYSICALLY ABUSED BY HIS TEACHERS. THE COURT DETERMINED THAT THE VARIOUS CAUSES OF ACTION BASED UPON SUCH ABUSE REQUIRED HIM TO GO THROUGH ADMINISTRATIVE EXHAUSTION AS CONTEMPLATED BY 20 U.S.C. 1415(l).

DID THE COURT COMMIT A CLEAR ERROR OF LAW BY NOT PERMITTING T.B. TO FILE AN AMENDED COMPLAINT?

        Yes!

DID THE COURT COMMIT AN ERROR OF LAW BY NOT PERMITTING T.B. THE OPPORTUNITY TO RESPOND TO THE DISTRICT'S EXHAUSTION ISSUE BEFORE RULING ON THE ISSUE?

        Yes!

DID THE COURT COMMIT AN ERROR OF LAW WHEN DETERMINING THAT T.B. WAS REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES?

        Yes!

WAS PERMITTING THE CASE TO BE SUMMARILY DISMISSED MANIFESTLY UNJUST?

        Yes!

## V. <u>STANDARD OF REVIEW</u>

18.    Federal Rule Of Civil Procedure 59(e) permits a party to *Alter Or Amend A Judgment* within 28 days after such judgment is entered. The Court may grant a timely motion for reconsideration "for any reason that would justify granting one on a party's motion." Fed. R. Civ. P. 59(d). Such reasons include "a clear error of law or to prevent manifest injustice." <u>ING Global v. United Parcel Serv. Oasis Sup.</u>, 757 F.3d 92, 96-97 (2nd Cir. 2014). T.B. reasonably believes that in light of the facts and procedural resume noted above relative to the operative law cited below, the Court committed a substantive error of law in granting the School District's *Motion For Summary Judgment* on this exhaustion issue. Moreover to let this decision remain would be a manifestly unjust to T.B. This request is not brought for purposes of delay but rather so that justice may be better served.

## VI. <u>ARGUMENT AND AUTHORITIES</u>

19.    Plaintiffs incorporate by reference, as if fully set forth herein, all the above noted paragraphs, as if fully set forth herein, and additionally, each following paragraph incorporates the paragraphs and sections before it.

A.    THE COURT COMMITTED A CLEAR ERROR OF LAW BY NOT PERMITTING T.B. TO AMEND HIS ORIGINAL PETITION

20.    It is well-settled that leave to amend should be granted is generally within the sound discretion of the district court. <u>Lyn-Lea Travel Corp. v. American Airlines, Inc.</u>, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044, 123 S. Ct. 659, 154 L. Ed. 2d 516 (2002) [*quoting* <u>Quintanilla v. Texas Television, Inc.</u>, 139 F.3d 494, 499 (5th Cir. 1998)]. However, Federal Rule of Civil Procedure 15(a) also make it clear that the trial court is required to grant leave to amend "freely." <u>Id</u>. In fact, the language of R. 15 evidences a bias and

predisposition in favor of granting leave to amend. Courts in this circuit have determined that the purpose of the bias in favor of allowing amendment of the pleadings is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981).

21. Moreover, while leave to amend should not be granted automatically, the trial court should always err on the side of allowing an amendment. Addington v. Farmer's Elevator Mutual Insurance Co., 650 F.2d 663, 666 (5th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S. Ct. 672, 70 L. Ed. 2d 640 (1982); Laber v. Harvey, 438 F3d 404, 426-427 (4th Cir. 2006)[amendment is not prejudicial if it merely adds theory of recovery to facts already pled and offered before discovery has occurred]; Harrison v. Rubin, 174 F3d 249, 253 (D.C. Cir. 1999) [permitting amendment that clarifies legal theories].;

22. Last "[A] motion for leave to amend should not be denied unless there is [*quoting* Foman v. Davis, 371 U.S. 178 (1962)] "undue delay, bad faith or dilatory motive on the part of the Movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment." U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., et al., 336 F.3d 375, 386 (5th Cir. 2003).

23. T.B. has not acted in bad faith, nor has he delayed the proceedings nor has he a dilatory motive. Further, granting T.B.'s *Motion For Reconsideration* giving him permission to amend his complaint, would not unduly prejudice Defendants and in fact to do otherwise, is a clear error of law, would unfairly prejudice T.B. and be manifestly unjust thereby.

B.    THE COURT COMMITTED A CLEAR ERROR OF LAW BY NOT PERMITTING T.B. THE OPPORTUNITY TO RESPOND TO THE DISTRICT'S EXHAUSTION ISSUE BEFORE RULING ON THE ISSUE?

24.     T.B. asked the Court for permission to address this dispositive issue and it was not provided.

Such *sua sponte* dismissals are not favored. <u>Knight v. Mooring Capital Fund</u>, LLC, 749 F.3d

1180, 1190 (10th Cir. 2014); *see also* <u>Williams v. City of Chicago</u>,733 F.3d 749, 755 (7th Cir.

2013)[non-moving party must be given opportunity to respond and present argument]. The

Court committed a clear abuse of discretion and error of law.

C.     DID THE COURT COMMIT AN ERROR OF LAW WHEN DETERMINING THAT T.B.
       WAS REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES?

25.     The School District argues that T.B. complaint should be barred for failure to exhaust

administrative remedies. In doing so they substantially rely upon the Supreme Court's

decision in <u>Fry v. Napoleon Community School</u>, 137 S. Ct. 743 (2017). In doing so they fail

to note that in footnote #9 of the decision the Court wrote:

> "The school districts offer another example illustrating the point. They suppose that
> a teacher, acting out of animus or frustration, strikes a student with a disability, who
> then sues the school under a statute other than the <u>IDEA</u>. *See* Brief for Respondents
> 36-37. Here too, the suit could be said to relate, in both genesis and effect, to the
> child's education. *But the school districts opine* (emphasis added) we think correctly,
> that the substance of the plaintiff's claim is unlikely to involve the adequacy of
> special education—and thus is unlikely to require exhaustion...."

This Court likewise failed this clear and absolute directive by the Supreme Court.

26.     As will be more fully cited below, it is now well-settled that when a school staff member

injures a child there is no need to exhaust claims under the IDEA.  In fact, not only <u>F.H. v.</u>

<u>Memphis City Schools</u> noted above in T.B.'s *Prologue*, but other previous case law in this

circuit and district also supports this proposition. In fact, *in* <u>Dabney v. Highland Park</u>

<u>Elementary School Dist.</u>, No. 3:15-CV-2122-l; 2016 WL 1273467 at *16-17 (N.D. Tex.,

March 31, 2016) the Court wrote:

"The IDEA should not be construed so broadly any injury a disabled student suffers

in school is automatically subject to the IDEA." <u>Pagan-Negron v. Seguin Indep. Sch. Dist.</u>, 974 F. Supp. 2d 1020, 1028 (W.D. Tex. 2013)[3]. Accordingly, when a plaintiff alleges a "pure discrimination claim" or "non-education injuries" cannot "be redressed by the IDEA's administrative procedures and remedies," the IDEA exhaustion requirement does not apply. <u>Id.</u>

27.     Specifically the following all support Judge Rodriguez' distinction between an IDEA based case like <u>Mark V</u>. and one that is not: *see* <u>Tristan v. Socorro Independent School Dist.</u>, 902 F. Supp. 2d 870, 879-80 (W.D. Tex. 2012) [physical assault not related to educational programs; "[I]t would be absurd to interpret the [IDEA] as placing restrictions on a disabled student seeking redress for constitutional torts, when such restrictions would not apply if the same claims were brought by his non-disabled classmates."]; <u>Deshotel v. West Baton Rouge Parish School Bd.</u>, 937 F. Supp. 2d 826, 831 (M.D. La. 2011) [remedies under IDEA only provide prospective educational benefits; exhaustion not required in case of abusive use of restraints]; <u>P.R. v. Central Texas Autism Center</u>, 2009 U.S. Dist. LEXIS 43303,, at * 20-22 (W.D. Tex. May 15, 2009) [where Plaintiff not complaining about educational issues but seeks monetary damages for physical injuries and emotional anguish, exhaustion not required] and <u>R. J. v. McKinney Indep. Sch. Dist.</u>, No. 4:05-CV-257, 2005 U.S. Dist. LEXIS 39470, at *22-*23 (E.D. Tex. Dec. 29, 2005) [... hearing officer cannot award money damages for non-educational injuries and would be futile for student to exhaust claims]. <u>Morris v. Dearborne</u>, 181 F.3d 657, 674 (5th Cir. 1999) [there is no provision in IDEA to

---

[3]. In <u>Pagan-Negron</u>, the Honorable District Judge Xavier Rodriguez in this case noted the distinction between his decision in the <u>Marc V</u>. and that case. Specifically, the Judge noted the child's claim was based upon abuse and did not allege deprivation of certain educational services, nor did mother seek remedies that were educational in nature or available under the IDEA. Nor did Pagan-Negron challenge her child's placement or related educational services; instead she seeks only tort-like damages in the form of physical pain, mental anguish, medical expenses, and mental health expenses, which are claims for relief not available under the IDEA. It is exactly what T.B. has requested in this case.

address atrocities regarding sexual abuse].

28.    Moreover, there is substantial and significant pre-<u>Fry</u> caselaw across many circuits and

federal district courts, that when a student is the subject of injuries, intentional, accidental

or not, such acts of physical injuries do not require exhaustion. *See* <u>F. H. v. Memphis City</u>

<u>Sch.</u>, 764 F.3d 638, 645 (6th Cir. 2014) [in case involving special needs student who alleged

abuse over a period of time, concluding that where "the gravamen of [the] complaint is the

verbal, physical, and even sexual abuse of [the plaintiff] by his aides," the factual allegations

did not implicate the IDEA; (Kethledge, concurring) ["The gravamen of [the plaintiff's]

claim . . . is that this conduct was an attack upon [his] dignity as a human being. That injury

was not remediable by some change to [his] 'Individualized Education Plan.'"]; <u>Muskrat v.</u>

<u>Deer Creek Pub. Schs.</u>, 715 F.3d 775, 785 (10th Cir. 2013) [where the plaintiffs alleged

"scattered instances of potential battery" that may have "resulted from simple frustration

with [the student] rather than any legitimate disciplinary goal," finding exhaustion not

required and stating "we do not believe the child's parent must request a 'no random

violence" clause in the [individualized education plan"]; <u>Moore v. Kansas City Public</u>

<u>Schools</u>, 828 F.3d 687 (8th Cir. 2016) [... where student was sexually abused, noting that

references in the complaint to the defendant's failure to address the student's tendency to

wander and vulnerability to suggestion and abuse, does not change the gravamen of the

action to one concerning educational rights or denial of a FAPE; "We agree with the Ninth

Circuit that "[n]on—IDEA claims that do not seek relief available under the IDEA are not

subject to the exhaustion requirement, even if they allege injuries that could conceivably

have been redressed by the IDEA" *citing* <u>Payne v. Peninsula Sch. Dist.</u>, 653 F.3d 863, 871

(9th Cir. 2011) (en banc), *overruled on other grounds by* Albino v. Baca, 747 F.3d 1162,

1166, 1171 (9th Cir. 2014) (en banc); McCormick v. Waukegan Sch. Dist. #60, 374 F.3d 564

(7th Cir. 2004) [... the IDEA provided no remedy for permanent physical injuries that a

student with a metabolic disorder suffered when a PE teacher required him to run laps and

do pushups.]; F.H. ex rel. Hall v. Memphis City Schools, 764 F.3d 638 (6th Cir. 2014)

[holding that exhaustion not required when plaintiff brings section 1983 claims predicated

on verbal, physical, and sexual abuse]; Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1274 (10th

Cir. 2000) [holding that a disabled student who suffered a fractured skull and exacerbation

of a seizure disorder when she was placed in an unsupervised windowless closet did not need

to exhaust because the claim was brought "solely to redress" the physical injuries and was

outside of the scope of IDEA"]; Franklin v. Frid, 7 F. Supp. 2d 920, 925 (W.D. Mich. 1998)

[excluding "random acts of violence" from IDEA exhaustion requirement] and Hough v.

Shakopee Public Schools, 608 F. Supp. 2d 1087 (D. Minn. 2009) [finding that Fourth

Amendment unlawful search claim did not require exhaustion of administrative procedures

because "plaintiffs' assertions with respect to the effect of the searches on their education"

were peripheral to the claim].

29.     Caselaw subsequent to Fry, also supports T.B.'s position in similar cases across the country.

         *See* Doucette v. Georgetown Public Schools, No. 18-1160 (1st. Cir., August 26, 2019)*;* P.G.

         v. Rutherford Cty. Bd. of Educ., 313 F. Supp. 3d 891(M.D. T.N.-Nashville Division, May

         29, 2018) *citing* and relying upon the following: Considine-Brechon v. Dixon Pub. Sch. Dist.

         #170, 2017 U.S. Dist. LEXIS 87942, 2017 WL 2480751, at *4-5 (N.D. Ill. June 8, 2017)

         [*citing* Fry, 137 S. Ct. at 756]; E.H. v. Neal, 2018 U.S. Dist. LEXIS 93001 (M.D. Tenn. Apr.

16, 2018) [*citing* <u>Fry</u> and observing that the plaintiffs' ADA and Rehabilitation Act claims based on a single strike to the face of an autistic child allegedly causing psychological harm "focus[ed] on whether [the] strike denied [the student] *access* (emphasis added) to public education programs as opposed to the specific nature or quality of those programs under [the IDEA]"); accordingly, the Court concludes that the allegations are "beyond the scope of a FAPE . . . in the school context."]; <u>Gosch v. Sergeant Bluff-Luton Cmty. Sch. Dist.</u>, 244 F. Supp. 3d 904, 921-23 (N.D. Iowa 2017) [applying <u>Fry</u>, finding claims that involved "subjecting [student] to unwarranted and unnecessary physical force" or concerned "unlawful and unreasonable use of physical force" are wrongs beyond the scope of the denial of a FAPE under the IDEA, and excusing exhaustion]; <u>Daniels v. Indep. Sch. Dist. No. 001.</u>, 2018 U.S. Dist. LEXIS 79232, 2018 WL 2145009, at *3 (W.D. Okla. May 9, 2018) [noting <u>Fry</u>, concluding that Section 1983 claim based upon allegations of abuse and harassment of autistic student by teacher and students does not allege denial of a FAPE, and finding "no basis for concluding that there is an IDEA claim . . . at issue ..."]; <u>Condit v. Bedford Cent. Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 171701, 2017 WL 4685546, at *9 (S.D. N.Y. Oct. 16, 2017) [under <u>Fry</u>, differentiating between claims regarding bullying causing trauma (the basis for the plaintiff's suit) that did not require IDEA exhaustion and hypothetical claims that the plaintiff's parents were displeased with the content of the student's education]; <u>Hurd v. Clark Cty. Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 162691, 2017 WL 4349231, at *4 (D. Nev. Sept. 29, 2017) [applying <u>Fry</u> and holding that allegations of physical abuse of three special education students by teacher "does not seek redress for the school's failure to provide a FAPE . . . [and] would be actionable whether the conduct occurred at a non-school public

facility or against adults"]; <u>Bowe v. Eau Claire Area Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 61496, 2017 WL 1458822, at *5 (W.D. Wis. Apr. 24, 2017) [considering the <u>Fry</u> hypotheticals and determining that the injuries alleged by the autistic plaintiff, including physical assault, were "a general-purpose barrier to all of the benefits of school, not just the custom-designed [individualized education program] that the IDEA provides"] and among others <u>Gm v. Lincoln Cty. Sch. Dist.</u>, 2017 U.S. Dist. LEXIS 101161, 2017 WL 2804996, at *4 (D. Ore. Apr. 21, 2017) [under <u>Fry</u>, where non-verbal special needs student alleged pain and distress from unequal seclusion, finding that "[w]hile such treatment could certainly affect the quality of one's education, the harm plaintiff describes could exist even if his education was top notch. Plaintiff alleges discrimination, not inadequate individualized educational services, and thus his claims fall outside the IDEA."].

30.    Specifically, as all the above help crystallize the issue and the correct question for this Court, is this a case about "bare allegations of violence (attributed to discrimination) ... untethered from the core of a [student's] educational program" *citing* <u>P.G. v. Rutherford County Board of Education</u>, 313 F. Supp. 3d 891 (M.D. Tenn. 2018) or is it not?  It is self-evident that this case is about "bare allegations of violence" not T.B.'s IEP.

31.    As the Court's decision granting the School District's argument T.B. was required to exhaust administrative remedies is "a clear error of law, <u>ING Global v. United Parcel Serv. Oasis Sup.</u>, 757 F.3d 92, 96-97 (2nd Cir. 2014), the Court should grant his *Motion For Reconsideration* to prevent a manifest injustice.

B.    THE TWO HINTS ARE INAPPLICABLE AND EVEN IF THEY ARE APPLICABLE T.B. CAN DEMONSTRATE THEY BOTH WORK TO HIS FAVOR

32.    A review of footnote #9 in Fry notes that a:

"..... *telling indicator* of that conclusion is that a child could file the same kind of suit against an official at (emphasis added) another public facility for inflicting such physical abuse—as could an adult subject to similar treatment by a school official. To be sure, the particular circumstances of such a suit (school or theater? student or employee?) might be pertinent in assessing the reasonableness of the challenged conduct. But even if that is so, the plausibility of bringing other variants of the suit indicates that the gravamen of the plaintiff's complaint does not concern the appropriateness of an educational program...."

33.   It is sure that T.B. could have filed a complaint against a City Police Department or County Sheriff's Department, based upon Section 504 or the ADA, if an officer had both unnecessarily and excessively tased him at a theater or public library. Waller v. City of Danville, 556 F.3d 171, 174 (4th Cir. 2009); Gorman v. Batch, 152 F3rd 907 (8th Cir. 1998). As such, exhaustion would not be required in such a circumstance.

34.   Similarly the second "hint" also works to T.B.'s favor. If he has been past 18 years old but still in public school, as permitted under IDEA, and he was physically abused by staff, he surely would still have a viable claim against the school.

35.   Similarly, an adult visiting the school, or a teacher, if that person for instance was having a mental health breakdown at the school, and was injured by a staff person in the course of addressing that outburst, *see* P.G. v. Rutherford at 89224 *26, would have a viable cause of action under Section 504 or the ADA, *see* Hainze v. Richards, 207 F.3d 795, 799 (5th Cir.2000), and would not require exhaustion..

36.   In fact, and T.B. wrote above, the issue of the damages based upon failure to provide educational services as the same extent as provided non-disabled student, could also apply to adults.   Again, a student with a disability who was 18 years old and was injured by a staff member would certainly a have a loss of educational opportunities. So would an adult taking, for instance, evening classes at the school, who was injured by a staff member.

37. Additionally, under Special Education Law if a parent who is at the School District attending, for instance an Admission, Review & Dismissal ("ARD") Committee Meeting at the school, had a mental health and/or behavioral meltdown, and was tased by a School Police or Resource Officer, that adult would suffer a loss of an educational opportunity also. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 [The IDEA mandates that educational agencies establish procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education ("FAPE")]. 20 U.S.C. §1415(a)].

38. In summary, the two *hints* noted in Fry help T.B. not the School District.

C.  THE MENTION OF EQUAL ACCESS TO EDUCATION DOES NOT CHANGE A TORTBASED CLAIM IN AN IDEA CLAIM

39. The Memorandum Opinion relies upon T.B.'s complaint where he alleges he suffered a "loss of educational opportunities" [DE# 30, p. 8] as evidence that the gravaman of his complaint is IDEA based and not abuse based.  The reliance upon this phrase is misplaced as importantly, a loss of, or an effect upon, the educational opportunities of T.B. is an element of recovery for all school based injury claims, including those related to Title IX, *see* Davis ex el. LaShonda D v. Monroe County Board of Education, 526 U.S. 629, 650 (1999) for this proposition whether it be under Title IX of the Educational Acts of 1972; for or a claim where there is discrimination based upon race, nationality or religion pursuant to Title VI of the Civil Rights Acts of 1964 at a school; *see* Fennell v. Marion Independent School District, 804 F.3rd 398, 410 (5th Cir. 2015) and especially one must also show a deprivation of educational opportunities when alleging discrimination based upon disability at a school; *see also* S.S. v. E. Ky. Univ., 532 F.3d 445, 453-56 (6th Cir. 2008) [element of disability

discrimination claim is loss of educational opportunities.].  In short, this statement that the

Court relies upon, has nothing to do with T.B.'s IEP, Special Education services or the

delivery of FAPE to him.   Moreover, and again, to the extent there is any ambiguity as to

this phrase related to damages, it's inferences inures to the benefit of T.B. not the School

District at this stage of the litigation.

## VII.  <u>CONCLUSION AND PRAYER</u>

WHEREFORE  PREMISES  CONSIDERED  Plaintiffs  urge  that  their  *Motion  For*

*Reconsideration* be granted in total and alternatively, in part; <u>P.G. v. Rutherford</u> at 89224 *31-32

[requiring exhaustion on some claims and not on others]; <u>J.A. v. Corpus Christi ISD</u>, 2018 U.S. Dist.

LEXIS 158823 *7-8 (S.D. TX., Corpus Christi Division, September 18, 2018) [Court striking as

superfluous certain facts and claims] such that claims based upon the physical abuse of T.B. be

permitted to proceed; and in addition and also in the alternative the Court withdraw its *Memorandum*

*and Opinion* in this cause, pending the adjudication of the appeal in Cause No. 4:18-cv-985; that

T.B. be permitted to amend his complaint, and for such other relief as this Court deems just and

proper, whether it be in law or in equity or both.

Respectfully submitted,

Mr. Martin J. Cirkiel
State Bar No. 00783829
marty@cirkielaw.com [Email];
Ms. Holly Terrell, *Of Counsel*
State Bar No. 24050691
holly@cirkielaw.com [Email]; both of

Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]

(512) 244-6014 [Facsimile]

Mr. Kenneth Carden, Esq.
State Bar No. 03787300
Carden Law Office
1409 S. Lamar Street, Apt. 601
Dallas, Texas 75215
(214) 485-3535 [Telephone]
(214) 485-3500 [Facsimile]
carden.ada.law@gmail.com [Email]

**REPRESENTATIVES FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27 day of August 2019, I sent the foregoing documents to the

Clerk of Court by hand-delivery FEDEX with email notice provided to Defendants, and also to be

electronically provided to the following CM/ECF system participant upon filing:

Ms. Meredith Prykyl Walker, Attorney
State Bar No. 24056487
mwalker@wabsa.com [Email];
Laura Rodriguz McLean, Attorney
State Bar No. 24007937
lmclean@wabsa.com; both at
Walsh, Gallegos, Trevino, Russo and Kyle P.C.
105 Decker Court
Suite 600
Irving, TX 75062
(214) 574-8800 [Telephone]
(214) 574-8801 [Facsimile]; and

D. Craig Wood, Attorney
State Bar No. 2188700
cwood@wabsa.com [Email]
Walsh, Gallegos, Trevino, Russo and Kyle P.C.
10120 N.E. Loop 41
Suite 450
San Antonio, Texas 78208.
ATTORNEYS FOR NORTHWEST INDEPENDENT SCHOOL DISTRICT

Martin J. Cirkiel