

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| T.B. B/N/F JENNY BELL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-984-A |
| | § | |
| NORTHWEST INDEPENDENT SCHOOL DISTRICT, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, T.B., by and through his next friend and mother, Jenny Bell, for reconsideration of the August 2, 2019 Memorandum Opinion and Order, which granted the motion of defendant, Northwest Independent School District ("District"), to dismiss plaintiff's first amended complaint as to District. The court, having considered the motion, the August 2, 2019 Memorandum Opinion and Order, District's Motion to Dismiss, plaintiff's Response to the Motion to Dismiss, the record, and applicable authorities, finds that plaintiff's Motion for Reconsideration should be denied.

I.

### Procedural History

On May 13, 2019, Plaintiff filed his First Amended Complaint, alleging claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"), and for

violation of the Fourth and Fourteenth Amendments. Plaintiff's pleadings are described in the August 2, 2019 Memorandum Opinion and Order.

On May 28, 2019, District filed its Motion to Dismiss Plaintiff's First Amended Complaint, which alleged, <u>inter alia</u>, that the court lacked jurisdiction because plaintiff failed to exhaust administrative remedies as required by the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA"). Doc. 20 at 4-8. On June 20, 2019, plaintiff filed a response that alleged, <u>inter alia</u>, that plaintiff's claims did not require exhaustion under the IDEA. Doc. 25 at 9-10. On August 2, 2019, the court granted District's Motion to Dismiss in its Memorandum Opinion and Order because plaintiff had failed to exhaust administrative remedies. Doc. 30. The court issued its Final Judgment as to Certain Defendant that same date. Doc. 31.

Plaintiff now argues in his Motion for Reconsideration that the court made multiple clear errors of law in granting District's Motion to Dismiss. Doc. 33 at 1. Plaintiff, invoking Rule 59(e) of the Federal Rules of Civil Procedure, asserts that these alleged errors require the court to alter, amend, or withdraw its August 2, 2019 Memorandum Opinion and Order and to allow plaintiff to amend his complaint. <u>Id.</u>

2

II.

## Standards for Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Such motions are granted where a party shows a need to (1) correct a clear error of law or prevent manifest injustice, (2) present newly discovered evidence, or (3) reflect an intervening change in controlling law. McGee v. CTX Mortgage Co., LLC, No. 3:15-cv-1746-L, 2016 WL 8671540, at *2 (N.D. Tex. Apr. 22, 2016) (internal citations omitted).

III.

## Plaintiff's motion fails to meet the standards for reconsideration.

Plaintiff argues that his motion should be granted to correct clear errors of law.[1] Doc. 33, p. 1. These arguments fail.

### A. The court did not commit clear error by finding that the IDEA applied.

Plaintiff argues that the court committed clear error by finding that plaintiff's claims required exhaustion under the IDEA. Id. The IDEA bars plaintiffs from circumventing its

---

[1] Although plaintiff also alleges that reconsideration is proper because dismissal was "manifestly unjust," he does not support this legal conclusion with analysis.

3

administrative exhaustion requirement by asserting under a different statute claims that could have been brought thereunder. Marc v. N.E. Indep. Sch. Dist., 455 F. Supp. 2d 577, 592 (W.D. Tex. 2006). To determine whether exhaustion is required, the court must look to the gravamen of the complaint, and not the words used, to determine whether the complaint seeks redress for a school's failure to provide a free and appropriate public education ("FAPE"), i.e., relief under the IDEA. Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 755 (2017). The court should ask (1) whether the plaintiff could have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school, and (2) whether an adult at the school could have pressed essentially the same grievance. Id. at 756. If the questions are answered in the negative, exhaustion of administrative remedies is required. Id.

In its brief in support of its Motion to Dismiss, District explained these standards and argued that although plaintiff did not explicitly use the words "free and appropriate public education," the First Amended Complaint triggered the IDEA's exhaustion requirement. Doc. 21 at 4-8. It argued that "[i]n a special education (i.e., IDEA) setting, the use of physical force to significantly restrict a student's free movement has a legal definition: 'restraint.'" Id. at 6 (citing Tex. Educ. Code §

4

37.0021; 19 Tex. Admin. Code § 89.1053). District further asserted that the uses of force at the core of plaintiff's claims came in response to plaintiff engaging in behavior commonly exhibited in the special education setting, namely "eloping" (running away from adults) and climbing on desks, and that they therefore constituted restraints. Id. District argued that, under Fry, claims focused on allegedly unreasonable restraints require exhaustion of administrative remedies because restraints by teachers (1) only occur in school settings and (2) are only performed on students. Id. at 7-8.

As the court noted in its August 2, 2019 Memorandum Opinion and Order, plaintiff's response did not address District's "restraint" arguments and Fry analysis on their merits. Doc. 30 at 8, n.4. Instead, plaintiff's response argued that a 12(b)(1) motion to dismiss may only be adjudicated on the face of the pleadings and that the First Amended Complaint lacks specific language regarding whether he is a student receiving special education services and whether IDEA applies.[2] Doc. 25 at 9-10. Plaintiff's response was unconvincing. As the Supreme Court noted in Fry, "The use (or non-use) of particular labels and terms is

---

[2] Plaintiff also argued that District's Motion to Dismiss was not yet ripe for adjudication and should be addressed at a later time in a motion for summary judgment. However, plaintiff provided no support for this legal conclusion and admitted that lack of subject matter jurisdiction may be asserted as a 12(b)(1) motion to dismiss.

5

not what matters" when determining whether the IDEA applies because such an approach "would allow plaintiffs to evade the Act's restrictions through artful pleading." Fry, 137 S. Ct. at 755 (internal quotation and citation omitted). The court must "consider substance, not surface" when conducting an IDEA analysis of a complaint.[3] Id.

The First Amended Complaint's substance shows that plaintiff is a special education student because he is a student diagnosed with ADHD and Autism Spectrum Disorder and he is provided special education accommodations, a "cool down room" and the services of a paraprofessional. See doc. 19 at 4-5. Further, District's "restraint" argument is based on specific facts alleged in the First Amended Complaint. Because plaintiff's only arguments on the exhaustion issue failed, the court's grant of District's Motion to Dismiss was not a clear error.

B.  Plaintiff's post-dismissal argument does not make the court's dismissal a clear error.

Plaintiff inexplicably waited to address the merits of District's exhaustion argument until he filed his Motion for

---

[3] Even if the court were to solely consider plaintiff's choice of words, the language in his First Amended Complaint indicated that his claims stemmed from District's alleged failure to provide FAPE. Plaintiff alleged that the incidents at the core of his claims amounted to a "loss of equal educational opportunities as those afforded non-disabled students." Doc. 19 at 15. Plaintiff also alleged that District "failed and refused to reasonably accommodate and modify the services needed by T.B. based upon his disability" and failed to provide "a psychological assessment; school-based counseling services; an aide or shadow to observe the Student at the school or social skills training." Id. at 10, 12.

6

Reconsideration, after the case was dismissed as to District. Plaintiff argued, for the first time, that the IDEA did not apply to instances of physical assault. He did this by citing, for the first time, <u>dicta</u> from a footnote in <u>Fry</u>, along with a series of cases that do not control the outcome of this court's decision. Doc. 33 at 12-15. Plaintiff cited one Fifth Circuit case, but it was not about a student being physically restrained. <u>Id.</u> at 11 (citing <u>Morris v. Dearborne</u>, 181 F.3d 657 (5th Cir. 1999) (about a non-verbal student being made to type sexually explicit messages)).

Plaintiff next argued, for the first time, that the two-question <u>Fry</u> analysis resulted in plaintiff's favor. First, plaintiff argued that he could file the same kind of suit if the injury occurred outside of a school because he could sue the police "if an officer had both unnecessarily and excessively tased him at a theater or public library." <u>Id.</u> at 16 (citations omitted). Second, plaintiff argues that an adult could sue the school for the same conduct because plaintiff could have been a student "past 18 years old but still in public school" and because a visiting adult who had a mental breakdown could sue the school for injuries sustained in addressing the breakdown. <u>Id.</u> at 16-17 (citations omitted). Plaintiff did not directly address District's argument that the uses of force in question were

distinct from others because they constituted "restraints," which are unique to the school setting.

Plaintiff did not include these arguments in his response to District's Motion to Dismiss. See Doc. 25. Accordingly, the court did not commit clear error by not considering them. The court need not consider them now because Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (internal citation omitted).

C. The court did not commit clear error by denying plaintiff an additional opportunity to address exhaustion.

Plaintiff also alleged that the court did "not permit[] T.B. the opportunity to respond to the District's exhaustion issue before ruling," and that the court dismissed his claims sua sponte. Doc. 33 at 9-10. This is a misrepresentation. Plaintiff had the opportunity to respond in his response. The court did not dismiss sua sponte but after District moved for dismissal and plaintiff responded. Plaintiff goes on to make an additional misrepresentation, claiming he "asked the Court, that if the 12(b)(1) [issue] was to be considered, that he be given the opportunity to address this dispositive issue on exhaustion." Doc. 33 at 3. A request to respond would make little sense in a responsive filing, and, besides, plaintiff never made such a

8

request. See doc. 25. The court did not commit a clear error by not granting an unasked request to make arguments that plaintiff should have made in his response.

### D. The court did not commit a clear error by not providing plaintiff leave to amend.

Plaintiff also argues that the court committed clear error by denying a request to file a second amended complaint if the court found District's Motion to Dismiss meritorious. Doc. 33 at 8-9. However, the court merely followed local rules. Local Civil Rule LR 5.1(c) requires that any document containing more than one pleading, motion, or other paper "clearly identify each included pleading, motion, or other paper in its title." Local Civil Rule LR 15.1(a) further provides that a party who files a motion for leave to file an amended pleading "must attach a copy of the proposed amended pleading as an exhibit to the motion" and "submit with the motion an original and a judge's copy of the proposed pleading."

Plaintiff's request, which came as part of his response, did not comply with any of these requirements. The response's title did not identify a motion for leave to amend. Plaintiff did not attach a copy of the proposed amended complaint as an exhibit, nor did plaintiff submit an original or judge's copy of a proposed amended complaint. Because of plaintiff's noncompliance, the court did not consider that plaintiff actually made a motion

9

for leave to amend. Moreover, even if the court were to have interpreted plaintiff's response to include a motion for leave to amend, the court could not have evaluated the merits of such a motion without any knowledge of what a second amended complaint might say. In any event, plaintiff had more than a fair opportunity to plead his best case. After all, the First Amended Complaint was filed in response to a motion to dismiss the original complaint.

IV.

ORDER

The court ORDERS that plaintiff's Motion for Reconsideration be, and is hereby, denied.

SIGNED September 5, 2019.

_____
JOHN McBRYDE
United States District Judge